# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Criminal No. 14cr10102 |
| | ) |
| | ) VIOLATIONS: |
| | ) |
| v. | ) 21 U.S.C. § 331(c) – |
| | ) Receipt In Interstate Commerce of a |
| | ) Misbranded Device and the Proffered |
| VALENTINA PEREZ TAVAREZ, | ) Delivery Thereof for Pay or Otherwise |
| a/k/a ROSSI PEREZ | ) |
| | ) 21 U.S.C. § 334; 28 U.S.C. § 2461(c)— |
| | ) Criminal Forfeiture |

## INDICTMENT

The Grand Jury charges that at all times relevant to this Indictment:

### The Federal Food, Drug, and Cosmetic Act

1. The United States Food and Drug Administration ("FDA") regulated, among other things, the manufacture and distribution of medical devices in the United States according to the provisions of the Federal Food, Drug and Cosmetic Act, Title 21, United States Code, Section 301, et seq. (the "FFDCA").

2. The FFDCA defined "label" as a display of written, printed, or graphic matter upon the immediate container of any article. 21 U.S.C. § 321(k). The FFDCA defined "labeling" as all labels and other printed or graphic matter upon any article or any of its containers or wrappers, or accompanying such article. 21 U.S.C. § 321(m).

3. The FFDCA defined the term "device" as, among other things, "an instrument, apparatus, implement, machine, contrivance, implant, in vitro reagent, or other similar or related article, including any component, part, or accessory, which is . . . intended for use in the diagnosis of disease or other conditions, or in the cure, mitigation, treatment, or prevention of disease, in man or other animals, or intended to affect the structure or function of the body of man or other animals, and which does not achieve its primary intended purposes through chemical action within or on the body

of man or other animals and which is not dependent upon being metabolized for the achievement of its primary intended purposes." 21 U.S.C. § 321(h)(2)(3).

4. A device was misbranded if, among other things, it failed to bear adequate directions for its use. 21 U.S.C. § 352(f)(1). "Adequate directions for use" meant directions which would enable a layman to use a drug or device safely and for the purposes for which it was intended. 21 C.F.R. § 801.5.

5. A device was also deemed to be misbranded if all words, statements, or other information required by or under the authority of the FFDCA to appear on the label or labeling did not appear in such terms as to render it likely to be read and understood by the ordinary individual under customary conditions of purchase and use. 21 U.S.C. § 352(c). Regulations promulgated pursuant to the FFDCA stated that "[a]ll words, statements, and other information required by or under authority of [the FFDCA] to appear on the label or labeling shall appear thereon in the English language." 21 C.F.R. § 801.15(c).

### The defendant Valentina Perez Tavarez

6. Valentina Perez Tavarez ("Tavarez") resided in Dorchester, Massachusetts.

7. Tavarez was not a licensed physician or nurse.

8. Between on or about February 2011 and September 2011, Tavarez offered buttock and lip augmentation injections with a substance she referred to as "Metacor" and "Metacrill" in exchange for money. Tavarez offered to charge $700 per injection into each buttock and accepted a $700 deposit into her bank account for the procedure. The substance was a liquid contained in a bottle labeled "Estetical Plus 100% Natural." The bottle bore a written description in Spanish that referred to its content as oil and provided directions for external skin application. The bottle did not provide any information or directions for using the substance for subcutaneous injections to inflate the surface of the skin. The bottle had been shipped from Colombia via Federal Express.

9. The FDA tested the substance in the "Estestical Plus" bottle and determined it to contain dimethylpolysiloxane.

10. Any dimethylpolysiloxane product that, when injected, was intended to reside under the skin to reshape the body, or plump wrinkles or skin folds, and which did not achieve its primary intended purpose through chemical action or metabolization, was a device under the FFDCA.

**COUNT ONE:** (Receipt in Interstate Commerce of a Misbranded Device, and the Proffered Delivery Thereof for Pay and Otherwise, in violation of 21 U.S.C. § 331(c))

11. The Grand Jury incorporates by reference Paragraphs 1 through 10 as if fully restated and alleged herein.

12. On or about September 9, 2011, in the District of Massachusetts and elsewhere,

**VALENTINA PEREZ TAVAREZ,
a/k/a ROSSI PEREZ,**

having received in interstate commerce from the nation of Colombia a device, to wit, a dimethylpolysiloxane-based fluid, which was misbranded under 21 U.S.C. § 352(f)(1) because its labeling lacked adequate directions for its use, did proffer the delivery of said device for pay and otherwise, by offering to inject said fluid to augment lips and buttocks in exchange for a payment of money and otherwise.

All in violation of Title 21, United States Code, Sections 331(c) and 333(a)(1).

## FORFEITURE ALLEGATIONS
### (21 U.S.C. § 334 & 28 U.S.C. § 2461(c))

13. The Grand Jury further charges:

14. Upon conviction of the offense alleged in Count One of this Indictment,

**VALENTINA PEREZ TAVAREZ,**
**a/k/a ROSSI PEREZ,**

defendant herein, shall forfeit to the United States, pursuant to 21 U.S.C. § 334 and 28 U.S.C. § 2461(c), any article of food, drug, or cosmetic that is adulterated or misbranded when introduced into or while in interstate commerce or while held for sale (whether or not the first sale) after shipment in interstate commerce.

15. If any of the property described in paragraph 14 above as being forfeitable, as a result of any act or omission of the defendant –

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of this Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of all other property of the defendant up to the value of the property described in subparagraphs a through e of this paragraph.

All pursuant to Title 21, United States Code, Section 334, Title 28, United States Code, Section 2461(c) and Rule 32.2 of the Federal Rules of Criminal Procedure.

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

_____
MAXIM GRINBERG
ASSISTANT U.S. ATTORNEY

DISTRICT OF MASSACHUSETTS; April 16, 2014

Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK

2:56 p.